UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM RODNEY MADISON,

                 Petitioner,

v.                              Case No. 3:09-cv-444-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                 Respondents.

_____

**ORDER**

**I. Status**

      Petitioner Madison initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on May 13, 2009, pursuant to the mailbox rule. Additionally, Madison filed a Memorandum of Law in Support of His Petition (Memorandum) (Doc. #2). He challenges a 2007 state court (Duval County, Florida) judgment of conviction for robbery on five grounds. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer in Response to Order to Show Cause (Response) (Doc. #9); Exhibits (Resp. Ex.) (Doc. #10). On June 19, 2009, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #7), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on February 19, 2010. See Petitioner's Reply to Respondents' Response (Reply) (Doc. #12). This case is ripe for review.

## II. Procedural History

Petitioner was arrested for bank robbery on April 14, 2005, when a Jacksonville Sheriff's Office patrolman (Officer Porter) saw a car that matched the description of the getaway car.  Resp. Ex. 1.  Officer Porter observed the driver make several lane changes, accelerate at a high rate of speed, pass other cars, and make an illegal lane change on the Matthews Bridge.  Resp. Exs. A at 1; I at 262 (Officer Porter's September 21, 2005 trial testimony).  After initiating a traffic stop, Officer Porter informed Madison that he had made an illegal lane change on the bridge, that his vehicle fit the description of a getaway car involved in an Arlington bank robbery, and that he matched the description of the robbery suspect.  Resp. Ex. I at 266-67.

At the request of detectives at the crime scene, Officer Porter transported Madison back to the bank for a show-up identification.  Id. at 267.  Kathleen Kirkland, the bank teller who was robbed, was unable to make a positive identification of Madison, as the robber.  Resp. Exs. I at 233-34, 238-39, 241 (Kirkland's September 21, 2005 trial testimony); H at 73-75, (Kirkland's August 18, 2005 deposition).  However, Tot Gill, another bank employee, did identify Madison as the robber.  Resp. Ex. I at 251-53 (Gill's September 21, 2005 trial testimony). Police officers then transported Gill over the Matthews Bridge to a convenience store parking lot, where he identified Madison's white

2

Oldsmobile as the getaway car.  Id. at 254-55.  During an inventory of Madison's car, a large amount of money was found in a brown paper bag stuffed into a tan gym bag.  Resp. Ex. A at 2.

On May 5, 2005, the State of Florida charged Madison with two counts of robbery.  Id. at 8-9, Information.  After jury selection, Madison proceeded to a jury trial on count one, and the State later dismissed count two.  Id. at 126.  At the conclusion of the trial, a jury found Madison guilty of robbery.  Id. at 53, Verdict.  On October 20, 2005, the trial court sentenced Madison to a term of imprisonment of twenty-two years.  Id. at 73-78, Judgment.

On appeal, Petitioner, through counsel, filed an Initial Brief, arguing that the trial court erred in deeming Petitioner "co-counsel" without first warning him of the dangers of self-representation, thereby depriving him of his rights to due process of law and to the effective assistance of counsel.  Resp. Ex. F. On February 20, 2007, the appellate court reversed the circuit court's order and remanded the case to the circuit court, stating: "We are constrained to reverse Appellant's conviction and remand this case for a new trial because the trial court designated Appellant as co-counsel without conducting an inquiry under Faretta[1] . . . , and without advising Appellant of the dangers of self-representation."  Madison v. State, 948 So.2d 975, 976 (Fla. 1st DCA 2007) (citation omitted); Resp. Ex. G.

_____

[1] Faretta v. California, 422 U.S. 806 (1975).

3

On remand, at a pretrial hearing, Petitioner agreed to plead no contest to robbery, reserving the right to appeal the court's order denying his motion to suppress. Resp. Ex. I at 339-54. The trial court sentenced Petitioner, as a habitual violent felony offender, to a term of imprisonment of ten years. <u>Id</u>. at 283-88.

On appeal, Petitioner, through counsel, filed an Initial Brief, arguing that the trial court erred in denying Petitioner's motion to suppress out-of-court identification, in-court identification and physical evidence, thereby depriving him of his rights to be free from illegal searches and seizures and to due process of law. Resp. Ex. J.  On March 13, 2008, the appellate court affirmed Petitioner's conviction and sentence per curiam without issuing a written opinion. <u>Madison v. State</u>, 976 So.2d 1099 (Fla. 1st DCA 2008); Resp. Ex. K.  The mandate issued on March 31, 2008.[2]  Resp. Ex. K.  Petitioner did not seek review in the United States Supreme Court.

On September 18, 2008, Petitioner filed a <u>pro se</u> motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion).  Resp. Ex. L at 1-44.  In his request for post conviction relief, as ground one, Petitioner asserted that the trial court lacked jurisdiction to enter judgment and impose the sentence because the Information was fatally

---

[2] Online docket, <u>William Madison v. State of Florida</u>, Case No. 1D07-2983, website for the First District Court of Appeal (http://www.1dca.org).

defective.  Additionally, he alleged that his counsel (Karl Green) was ineffective because he: failed to file an adequate and timely motion to dismiss the defective Information and failed to conduct a reasonable investigation (ground two); failed to consult with Petitioner and investigate the facts prior to the suppression proceeding and conceded Petitioner's guilt at the proceeding (ground three); failed to impeach Kathleen Kirkland and Detective Padgett relating to the show-up identification and failed to object to the prosecutor's misconduct (ground four); and failed to investigate and object to the State's factual basis for the plea and to consider the availability of the lesser offense of theft (ground five).  Moreover, as ground six, Petitioner asserted that he was deprived of a fair suppression hearing due to the cumulative effect of counsel's deficient performance.   The circuit court denied Madison's Rule 3.850 motion on October 14, 2008.  <u>Id</u>. at 45-48.

Madison appealed the denial and filed a brief.  Resp. Ex. M. The State filed a notice that it would not file an Answer Brief.[3] On April 15, 2009, the appellate court affirmed the denial per curiam, <u>see</u> <u>Madison v. State</u>, 8 So.3d 1137 (Fla. 1st DCA 2009); Resp. Ex. N, and the mandate issued on May 12, 2009, <u>see</u> Resp. Ex. N.

---

[3] <u>Madison v. State</u>, Case No. 1D08-5810, http://www.1dca.org.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 4-5.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120

S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We
have held that to be "contrary to" clearly
established federal law, the state court must
either (1) apply a rule "that contradicts the
governing law set forth by Supreme Court case
law," or (2) reach a different result from the
Supreme Court "when faced with materially
indistinguishable facts." Putman v. Head, 268
F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application"
prong of § 2254(d)(1), we have held as
follows:

> A state court decision is an
> unreasonable application of clearly
> established law if the state court
> unreasonably extends or fails to
> extend a clearly established legal
> principle to a new context. An
> application of federal law cannot be
> considered unreasonable merely
> because it is, in our judgment,
> incorrect or erroneous; a state
> court decision must also be
> unreasonable. Questions of law and
> mixed questions of law and fact are
> reviewed de novo, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236
(11th Cir. 2007) (quotation marks and
citations omitted). In sum, "a federal habeas
court making the 'unreasonable application'
inquiry should ask whether the state court's
application of clearly established federal law
was objectively unreasonable." Williams, 529
U.S. at 409, 120 S.Ct. at 1521. Finally, 28
U.S.C. § 2254(e)(1) commands that for a writ
to issue because the state court made an
"unreasonable determination of the facts," the
petitioner must rebut "the presumption of
correctness [of a state court's factual

findings] by clear and convincing evidence."[4]
28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), cert. denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Exhaustion/Procedural Default

There are prerequisites to a federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust

---

4 This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)) To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Recently, the United States Supreme Court discussed the doctrine of procedural default:

Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[5] <u>supra</u>, at 747-748, 111 S.Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. --, --, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. --, --, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012).

Thus, procedural defaults may be excused under certain circumstances: notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of

---

[5] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

justice. <u>Maples v. Thomas</u>, 132 S.Ct. 912, 922 (2012) (citations omitted); <u>In Re Davis</u>, 565 F.3d 810, 821 (11th Cir. 2009) (citation omitted).  In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S.Ct. 2639).  Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." <u>Id</u>. at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999).

In <u>Martinez</u>, the Supreme Court modified the general rule expressed in <u>Coleman</u>[6] to expand the circumstances falling within the definition of "cause" to excuse a procedural default. <u>Martinez</u>, 132 S.Ct. at 1315.

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial

---

[6] "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" <u>Maples v. Thomas</u>, 132 S.Ct. 912, 922 (citing <u>Coleman</u>, 501 U.S. at 753).  The Court reasoned that, under principles of agency law, the attorney is the prisoner's agent, and therefore, the principal bears the risk of negligent conduct on the part of his agent. <u>Coleman</u>, 501 U.S. at 753-54.  In <u>Coleman</u>, the alleged ineffectiveness of counsel was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court. <u>Id</u>. at 755.  However, the <u>Martinez</u> Court addressed inadequate assistance of counsel at an initial-review collateral proceeding.

counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. <u>Cf</u>. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability to issue).

<u>Id</u>. at 1318-19.

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if he can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and
> prejudice, there remains yet another avenue
> for him to receive consideration on the merits
> of his procedurally defaulted claim. "[I]n an
> extraordinary case, where a constitutional
> violation has probably resulted in the
> conviction of one who is actually innocent, a
> federal habeas court may grant the writ even
> in the absence of a showing of cause for the
> procedural default." <u>Carrier</u>, 477 U.S. at
> 496, 106 S.Ct. at 2649.[7]  "This exception is
> exceedingly narrow in scope," however, and
> requires proof of actual innocence, not just
> legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d
> 1156, 1171 (11th Cir. 2001).

<u>Id</u>.  "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).  Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." <u>Calderson v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).  With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. <u>Schlup</u>, 513 U.S. at 324.

## VII. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of

---

[7] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

reasonableness and thereby prejudices the defense." <u>Yarborough v.</u>
<u>Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>,
539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S.
668, 687 (1984)).

> To establish deficient performance, a
> person challenging a conviction must show that
> "counsel's representation fell below an
> objective standard of reasonableness."
> [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052.
> A court considering a claim of ineffective
> assistance must apply a "strong presumption"
> that counsel's representation was within the
> "wide range" of reasonable professional
> assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The
> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id</u>., at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different.[8] A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." <u>Id</u>., at 687, 104
> S.Ct. 2052.

<u>Harrington</u>, 131 S.Ct. at 787-88.

-----

[8] In the context of an ineffective assistance challenge to the
voluntariness of a guilty or no contest plea, Petitioner must show
there is a "reasonable probability that, but for counsel's errors,
he would not have pleaded guilty and would have insisted on going
to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

The two-part Strickland test applies to ineffective assistance claims concerning both the decision to accept a guilty plea offer and the decision to forgo a plea offer and stand trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward, 592 F.3d at 1163 (citation omitted). "Surmounting Strickland's high bar is never an easy task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[9], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664,

---

[9] Knowles v. Mirzayance, 556 U.S. 111 (2009).

15

> 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)
> ("[E]valuating whether a rule application was
> unreasonable requires considering the rule's
> specificity. The more general the rule, the
> more leeway courts have in reaching outcomes
> in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); see also

Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

addition to the deference to counsel's performance mandated by

Strickland, the AEDPA adds another layer of deference--this one to

a state court's decision--when we are considering whether to grant

federal habeas relief from a state court's decision.").

## VIII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Madison claims that the trial court lacked

jurisdiction to enter judgment and impose the sentence because the

Assistant State Attorney filed a fraudulent felony Information that

was based solely on second-hand hearsay evidence contained in the

investigating officer's arrest affidavit, instead of testimony

under oath from the material witness.  Petition at 8; Memorandum at

2-9.  As acknowledged by the parties, Petitioner raised this claim

in his Rule 3.850 motion.  Resp. Ex. L at 3-7.  The trial court

denied the Rule 3.850 motion with respect to this issue, stating:

> Defendant asserts that he was unlawfully
> convicted because the Information filed
> against him herein (copy attached) was not
> supported by sworn testimony from a material
> witness.  Defendant does not, and cannot,
> claim that the Information wholly failed to
> state a crime, though.  Accordingly, relief as

16

to this ground must be denied.  See, <u>Haselden</u>
<u>v. State</u>, 386 So.2d 624 (Fla. 4th DCA
1980).[10]

Resp. Ex. L at 45.  Upon Petitioner's appeal, the appellate court

affirmed the trial court's denial per curiam.

Respondents contend that the claim was not properly exhausted

and therefore is procedurally barred since it was raised in a

procedurally incorrect manner in state court.  <u>See</u> Response at 5.

This Court agrees.  Petitioner has not shown either cause excusing

the default or actual prejudice resulting from the bar.  Moreover,

he has failed to identify any fact warranting the application of

the fundamental miscarriage of justice exception.

Even assuming that the claim is not procedurally barred,

Madison's plea of guilty operated as a waiver of all

nonjurisdictional defects in the criminal proceeding.  <u>See United</u>

---

[10] In <u>Haselden</u>, the state appellate court stated:

> The failure to timely raise a defect in
> an information constitutes a waiver of the
> defect unless the information wholly fails to
> charge a crime.  <u>State v. Taylor</u>, 283 So.2d
> 882 (Fla. 4th DCA 1973); <u>Tracey v. State</u>, 130
> So.2d 605 (Fla. 1961).  The failure to allege
> one ingredient of an offense does not render
> an information invalid as wholly failing to
> state a crime.  <u>Id</u>. at 611.  Although the
> information here is defective, it does not
> wholly fail to state a crime, and the
> appellant's failure to raise the defect in the
> trial court constituted a waiver of the
> defect.

<u>Haselden</u>, 386 So.2d at 624-25.

States v. Bonilla, 436 Fed.Appx. 901, 903 (11th Cir. 2011) (per
curiam) (not selected for publication in the Federal Reporter)
(citation omitted) (stating that Bonilla, by pleading guilty,
waived the nonjurisdictional argument relating to alleged defects
in his indictment).

Moreover, Madison's claim is, nevertheless, without merit.
For a defective Information to be a cognizable claim in a federal
habeas corpus action, the charging document must be so defective
that it deprives the court of jurisdiction. DeBenedictis v.
Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted)
("The sufficiency of a state indictment or information is not
properly the subject of federal habeas corpus relief unless the
indictment or information is so deficient that the convicting court
is deprived of jurisdiction."). Under Florida law, the state
circuit courts have jurisdiction over all felony charges. See Fla.
Stat. § 26.012(2)(d). Moreover, the Information, see Resp. Ex. A at
8, properly set forth the elements of robbery, see Fla. Stat. §
812.13(2)(c), and therefore met the minimum requirement for
invoking the jurisdiction of the state circuit court.[11]

_____

[11] Madison's reliance on Gerstein v. Pugh, 420 U.S. 103 (1975),
is misplaced. In Gerstein, the United States Supreme Court held
that there must be a determination of probable cause to believe
that the defendant has committed a crime in order for the State to
restrain his liberty. Florida Rule of Criminal Procedure
3.133(a)(1) provides the following safeguard: "In all cases in
which the defendant is in custody, a nonadversary probable cause
determination shall be held before a judge within 48 hours from the
time of the defendant's arrest; provided, however, that this

18

Additionally, the Information contains the required sworn oath of the Assistant State Attorney, certifying that the allegations in the Information "are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged," that the prosecution "is instituted in good faith," and "that testimony under oath has been received from the material witness(es) for the offense." Such a sworn oath by the prosecutor that he received testimony under oath from the material witness(es) for the offense is sufficient pursuant to applicable Florida law. See Fla. R. Crim. P. 3.140(g).[12]   Therefore, Petitioner is not entitled to habeas relief on ground one.

## B. Ground Two

As ground two, Petitioner claims that counsel was ineffective because he failed to investigate the facts and research the relevant law and failed to file a motion to dismiss the Information or a petition for writ of prohibition based on double jeopardy grounds. Petition at 10; Memorandum of Law at 9-13. As acknowledged by the parties, Petitioner raised this claim in his

---

proceeding shall not be required when a probable cause determination has been previously made by a judge and an arrest warrant issued for the specific offense for which the defendant is charged."

[12] Florida Rule of Criminal Procedure 3.140(g) provides: "No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits."

Rule 3.850 motion.  Resp. Ex. L at 8-10.  The trial court denied

the Rule 3.850 motion with respect to this issue, stating:

> Defendant asserts that he received ineffective
> assistance of trial counsel because his lawyer
> failed to investigate the facts in his case,
> and the law pertinent thereto.  Accordingly,
> Defendant claims that he was not given
> adequate counsel before deciding to enter into
> a Plea of No Contest and Negotiated Sentence
> (copy attached), which underlies his
> conviction.  Attached hereto, however, is a
> transcript of the proceeding held May 25,
> 2007, in which the Defendant pled guilty and
> was sentenced.  There, Defendant swore under
> oath that he was satisfied with his attorney's
> services and that there was nothing he had
> wanted the attorney to do in preparation of
> his case that had not been done.  Defendant
> may not now be heard to go behind his sworn
> testimony to make the assertions he now
> claims.  See, Stano v. State, 520 So.2d 278
> (Fla. 1988); Mikenas v. State, 460 So.2d 359
> (Fla. 1984); Bir v. State, 493 So.2d 55 (Fla.
> 1st DCA 1986).

Resp. Ex. L at 45-46.  Upon Petitioner's appeal, the appellate

court affirmed the trial court's denial per curiam.

Assuming the appellate court affirmed the denial of the Rule

3.850 motion as to this claim on the merits, there are qualifying

state court decisions.  Therefore, this claim will be addressed

applying the deferential standard for federal court review of state

court adjudications required by AEDPA.  After a review of the

record and the applicable law, the Court concludes that the state

courts' adjudications of this claim were not contrary to clearly

established federal law and did not involve an unreasonable

application of clearly established federal law.  Nor were the

adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Alternatively, if the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit.  The record supports the trial court's findings.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The presumption that counsel's performance was reasonable is even stronger when, as in this case, counsel is an experienced criminal defense attorney.[13]  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to

---

[13] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger."  Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001); see Williams v. Head, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), cert. denied, 530 U.S. 1246 (2000).  Karl Green was admitted to the Florida Bar in 1991. See http://www.floridabar.org.  Thus, at the time of Madison' pretrial suppression hearing and no contest plea in May 2007, Green had been practicing law for approximately sixteen years.  Moreover, the trial judge complimented Green on his "fine" lawyering skills. See Resp. Ex. I at  310, 346.

counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted).   Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose.  <u>Dingle v. Sec'y for Dept. of Corr.</u>, 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted), <u>cert</u>. <u>denied</u>, 552 U.S. 990 (2007).

Petitioner has failed to carry this burden.  In 2005, a jury found him guilty of robbery, and the trial judge sentenced him to a term of twenty-two years of imprisonment.  The appellate court reversed the circuit court's order and remanded the case to the circuit court for a new trial due to a <u>Faretta</u> error.  <u>See</u> <u>Madison</u>, 948 So.2d 975.  Thus, Madison was not entitled to discharge on double jeopardy grounds.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59.  Indeed, having gone through a full trial on the merits, he fails to identify what facts or law his lawyer failed to investigate in the subsequent proceeding. Moreover, as part of the plea, the State agreed to a sentence of ten years of imprisonment and also agreed to nolle prosequi count

two.  <u>See</u> Resp. Ex. I at 342.  If Madison had proceeded to trial and a jury had found him guilty of the robbery, he would have faced a maximum term of imprisonment of thirty years, as a habitual violent felony offender, with a ten-year minimum mandatory term of imprisonment.  <u>Id</u>. at 344.  As Petitioner expressed at the plea hearing, he believed that entering the no contest plea was in his best interest.  Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

### C. Ground Three

As ground three, Petitioner claims that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure and an unlawful arrest.  He asserts the following facts in support of the claim:

> [The]  [p]atrol  officer's  stop  of  the
> Petitioner's vehicle for an alleged illegal
> lane change was unreasonably pretexual because
> the  officer  never  issued  the  Petitioner  a
> citation or written warning.  The continued
> detention  was  unreasonable  and  without
> objective  evidentiary  justification  because
> the patrol officer testified in his pre-trial
> deposition  that  there  was  no  evidence  or
> reasonable suspicion that the Petitioner has
> committed,  is  committing,  or  was  about  to
> commit a crime.  The Petitioner was unlawfully
> transported to the crime scene for a possible
> identification  in  a  show-up  type  situation
> which  was  overly  suggestive  and  in  a
> constitutionally  defective  manner,  and  the
> victim failed to identify the Petitioner as
> the perpetrator.  These circumstances viewed
> objectively  did  not  rise  to  the  level  of
> probable cause sufficient for the Jacksonville

> Sheriff's officers to make the formal arrest
> without a warrant.

Petition at 12.  Respondents contend, see Response at 8, and this Court agrees, that under the principles of Stone v. Powell, 428 U.S. 465, 494-95 (1976), federal habeas review of Petitioner's illegal search and seizure claim is not cognizable in this proceeding because Petitioner had a full and fair opportunity to litigate his Fourth Amendment issue in state court.

In this case, defense counsel filed a pretrial motion to suppress, Resp. Ex. H at 18-20, and memorandum in support of the motion, id. at 22-76.  The State responded.  Resp. Exs. H at 77-189; I at 190-274.  At the May 25, 2007 hearing, the trial judge reviewed the evidence and allowed both parties to present arguments.  See Resp. Ex. I at 307-37.  Thereafter, the trial judge made the following findings:

> I certainly agree with you as to the last
> point.  These matters are determined by the
> totality of the circumstances and we're not
> going to ever find a case right on point.
>
> I want to make the following findings:
> First, that the information in the BOLO was
> reasonably reliable in that it came from an
> employee of the bank which had just been
> robbed and he was able to identify the
> defendant as the only person who had just
> walked out of the bank when they -- other
> employees came out and said did you see the
> guy that just left.  It's true that the
> Oldsmobile was described as a 98 instead of an
> 88, but that didn't play any role in the BOLO
> itself.  The BOLO described there being one
> person in the car who was a heavy-set black
> male and that the car was a white Oldsmobile.

All of those descriptions match that of the
defendant.  Some 16 minutes later on a route
leaving out of this neighborhood, which the
defendant could reasonably be -- the robber
could reasonably be expected to be using, he
was, in fact, spotted and didn't match all of
the description of the BOLO as we have
discussed, but I think it's significant when
the police officer pulled in behind him, he
started speeding away from him and driving
erratically.  When the stop was eventually
made, it was made in a reasonable fashion in
that the police officer waited for back-up to
join him before a stop was made, and the
defendant at that time was sweating profusely,
although it was a cool day, and I believe all
of that gave reasonable suspicion to Officer
Porter to proceed to detain the defendant for
a reasonable period of time necessary to
effectuate the purpose of conducting a show-
up.  And the rest, as they might say, is
history.  He was identified at the show-up.  I
find nothing unreasonably suggestive about the
show-up procedure. It was simply the defendant
standing on the sidewalk, he didn't have
handcuffs on or anything of that nature.  He
was some 15 feet away from the eyewitnesses
and he was certainly directly identified and
partly identified by two witnesses.

And I find that under the totality of the
circumstances and the law enunciated by our
Supreme Court in Hunter v. State[14] that the
entire procedure was reasonable, that the
defendant's Fourth Amendment Rights were not
violated and I will deny the motion to
suppress thereupon . . . .

---

[14] See Hunter v. State, 660 So.2d 244, 249 (Fla. 1995) (stating
that the relevant factors in assessing the legitimacy of a vehicle
stop pursuant to a "be on the lookout" (BOLO) alert include: the
length of time and distance from the offense, the route of flight,
the specificity of the description of the vehicle and its
occupants, and the source of the BOLO information).

Id. at 337-39.  In a written order, the trial court denied the motion for the reasons expressed on the record.  Resp. Ex. H at 20.

This Court has reviewed the record of the suppression hearing and finds that Petitioner had a full and fair opportunity to argue his Fourth Amendment claim in state court.  In addition, on direct appeal, Petitioner argued that the trial court erred in denying his motion to suppress, and the trial court's decision with regard to this issue was affirmed.  In sum, Petitioner was afforded every full and fair opportunity to litigate and have adjudicated his Fourth Amendment claim, and therefore, under Stone v. Powell, he should not be permitted to further litigate this claim in this Court.  Thus, this ground for relief is barred.

Alternatively, assuming that the claim is not barred, Petitioner, nevertheless, is not entitled to relief on the basis of this claim.  Petitioner raised this issue on direct appeal.  See Resp. Ex. J.  The appellate court may have affirmed Petitioner's conviction and sentence based on the merits.  If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.[15]  After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly

_____

[15] See Wright, 278 F.3d at 1255.

established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

### D. Ground Four

As ground four, Petitioner asserts that counsel was ineffective because he failed to adequately represent him at the suppression hearing.  Respondents argue that the claim "was not fairly presented to the state court" and therefore is procedurally barred. See Response at 8-9.  This Court opines that Petitioner sufficiently exhausted the issue in his Rule 3.850 motion.

At the suppression hearing, the trial judge complimented both attorneys on their preparation.

> I want to begin by commending counsel. You both did a great job of getting me ready for this, both in terms of providing me with documents and also transcripts.  I have read the transcript of the deposition of Officer Derrick Porter.  I've also read his trial testimony, and I read the deposition of Kathleen Ann Kirkland, though I'm not sure that it has a whole lot to do with why we're here. I understand she may not have identified defendant.  The State asserts that others did and I'm sure he couldn't have been convicted at trial if somebody hadn't identified him.

Resp. Ex. I at 310-11.

At the plea hearing, Petitioner affirmed that he was pleading guilty because he believed it was in his best interest, that he had sufficient time to discuss his options with his attorney, and that

he was satisfied with his attorney's representation.  <u>Id</u>. at 345.
When the trial judge asked Petitioner whether there was anything
counsel had <u>not</u> done towards preparing the case that Petitioner
wanted him to do, Petitioner replied, "No, Your Honor."  <u>Id</u>.  After
referring to Petitioner's counsel as a "very fine lawyer," the
trial judge proceeded to ask Petitioner additional questions to
ensure that he was freely, voluntarily, and intelligently entering
the plea.  <u>Id</u>. at 346.

The United States Supreme Court has determined that "the
representations of the defendant . . . [at a plea proceeding] as
well as any findings made by the judge accepting the plea,
constitute a formidable barrier in any subsequent collateral
proceedings.  Solemn declarations in open court carry a strong
presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74
(1977).  Moreover, "[a] reviewing federal court may set aside a
state court guilty plea only for failure to satisfy due process: If
a defendant understands the charges against him, understands the
consequences of a guilty plea, and voluntarily chooses to plead
guilty, without being coerced to do so, the guilty plea . . . will
be upheld on federal review." <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141
(11th Cir.) (en banc), <u>cert</u>. <u>denied</u>, 502 U.S. 835 (1991).

Required to establish that no competent attorney would have
taken the action that counsel, here, chose, Petitioner has failed
to carry this burden of showing deficient performance by counsel.

See Response at 9-11.   Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

### E. Ground Five

As ground five, Petitioner claims that counsel was ineffective because, prior to Petitioner's entering the no contest plea, counsel failed to discuss and advise him of the available defenses and mitigating circumstances relative to an unarmed robbery charge. Although Petitioner presented ineffectiveness claims in his pro se Rule 3.850 motion, he failed to argue the facts underlying this ineffectiveness ground.  See Resp. Ex. L at 23-28, Ground Five.  In the Rule 3.850 motion, Petitioner claimed that counsel was ineffective because he failed to object to the factual basis offered by the State to support his conviction at his plea proceeding and that counsel "failed to consider the availability of the lesser included offense of theft defense." Id. at 24.

Respondents contend that the claim was not properly exhausted and therefore is procedurally barred since it was raised in a procedurally incorrect manner in state court.  See Response at 11. This Court agrees.  Petitioner has not shown either cause[16] excusing

_____

[16] "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318 (citation omitted). As shown in the alternative merits analysis, this ineffectiveness claim lacks any merit. Thus, Petitioner has not shown he can satisfy an exception to the bar.

the default or actual prejudice resulting from the bar.  Moreover,
he has failed to identify any fact warranting the application of
the fundamental miscarriage of justice exception.

Even assuming that the claim is not procedurally barred,
Petitioner, nevertheless, is not entitled to relief on the basis of
this claim.  At the plea hearing, Petitioner affirmed that he was
satisfied with counsel's representation and that he had had enough
time to discuss his options with counsel.  Resp. Ex. I at 345.
Moreover, upon the trial judge's request, the prosecutor set forth
the factual basis for the plea:

> If this case had proceeded to trial again, the
> State would be prepared to prove beyond and to
> the exclusion of every reasonable doubt that
> William Rodney Madison, on the 14th day of
> April, 2005, in the County of Duval and the
> State of Florida, did unlawfully by force,
> violence, assault or putting in fear, take
> money or other property, to wit: U.S.
> Currency, the property of Wachovia Bank as
> owner or custodian, from the person or custody
> of Kathleen Kirkland, with the intent to
> permanently or temporarily deprive Wachovia
> Bank of the money or other property, contrary
> to the provisions of Section 812.13
> paren[thesis] 2C Florida Statutes.

Id. at 348-39.  Noting that counsel had investigated the matter,
the trial judge asked counsel if he had any objection or exception
to the prosecutor's recitation of the facts.  Id. at 349.  Counsel
did not object or offer any exception, stating: "if I could stand
mute on it as far as the fact that he's entering a no contest

30

plea." Id. The trial judge concluded that there was a factual basis for the entry of the plea.   Id.

Given the substantial evidence against Madison, that a jury had found him guilty of the robbery in 2005, and that the previous trial judge (Peter L. Dearing) had sentenced him to twenty-two years of imprisonment,[17] counsel's performance (advising Petitioner to enter a no contest plea with a sentence of ten years of imprisonment and a right to appeal the court's ruling on the motion to suppress) was not deficient. Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose.  Petitioner has failed to carry this burden.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown a reasonable probability that, but for counsel's errors, he would not have entered the no contest plea and would have insisted on going to trial.  As part of the plea, the State agreed to a sentence of ten years of imprisonment and also agreed not to prosecute him with respect to count two.  Since a jury had found Petitioner guilty of the robbery in 2005, and that trial judge had sentenced him to a term of twenty-two years of imprisonment, Petitioner knew that if he proceeded to trial again and a jury

---

[17] After the 2005 trial, the court sentenced Madison, as a habitual violent felony offender and prison releasee re-offender, to twenty-two years of imprisonment.  Resp. Ex. A at 73-78, Judgment, filed October 20, 2005.

found him guilty of the robbery, he would have faced a maximum term of imprisonment of thirty years and likely would have been sentenced to more than ten years.   Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## IX. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam)," Petitioner's ineffective assistance claims fail.   Knowles, 556 U.S. at 123.   The remainder of Petitioner's claims are either procedurally barred or without merit. Accordingly, for these reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## X. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.   This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of July, 2012.

MARCIA MORALES HOWARD
United States District Judge

sc 4/24
c:
William Madison
Ass't Attorney General (Duffy)